This writ concerns the bifurcation of a very complex trial. A hearing was held on the motion for separate trials. After the hearing, Judge Porter granted the motion for separate trials. (Otto claims it did not agree that the “second phase” of the case could be heard by a second, completely new jury.) Judge Porter further ruled that the following issues would be “presented to the jury in the first segment of the trial”: contract issues (McDermott’s entitlement to payment, Otto’s entitlement to credits, and McDermott’s obligation to construct the linkage mechanism); engineering (McDermott’s claim for extra engineering work on design, etc.); scheduling (McDermott’s claim for an adjusted completion date); and Otto’s entire damage claim against McDermott.
“After the jury reaches a verdict in the first trial segment, the following issues would *1220 be addressed:” change orders (whether certain work performed by McDermott was a change, and whether McDermott was entitled to compensation); delay damages (impact of Otto’s delays in performance and its refusal to take delivery); disruption (McDer-mott’s claim for damages due to Otto’s actions/inactions on the construction progress/productivity); and acceleration (McDer-mott’s claims for extra costs to maintain or improve the delivery schedule).
This case, due to its size and complexity, took on its own existence. It was bred, nurtured, and sketched into a world that spans several pertinent codal articles. La. C.C.P. arts. 1038, 1562, 1735, 1736 and 1915(A)(5). The problem is that one article does not necessarily connect to another. Like farmers standing on the east and west sides of the Sunshine Bridge, one can see fields on both sides of the river. Yet, like the farmers, we now focus on the structure itself and not just fields of corn or cane or silage that rest on each side of the bridge: what we see is a completed structure, set in a no-man’s land but fully operational — a done deed.
Distinguished farmers of the law on both sides of the bridge (the completed trial) now wish us to dismantle what they themselves built. At any time prior to the first trial’s completeness, a writ seeking a stay of all proceedings could have been sought. None was.
Like the famous bridge, this case stands completed in one phase. This Court will defer to the wisdom and “on site” handling of the trial court. It will not, at this point, dismantle the proceedings.
WRIT DENIED.